UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SILVANA PACHECO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 1:15-CV-25 |
| v. | ) |
| | ) |
| JPMORGAN CHASE BANK, N.A., | ) |
| ALIAS, AND JOHN DOE, ALIAS, | ) |
| | ) |
| Defendants, | ) |
| | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a) and 1446(a), Defendant, JPMorgan Chase Bank, National Association ("JPMC"), hereby gives notice of the removal of the above-captioned action from the Superior Court, Judicial District of Providence at Providence, Rhode Island. Defendant removes the State Court Action under 28 U.S.C. § 1332(a) on the factual and legal grounds set forth below.

### THE STATE COURT ACTION

1. Named plaintiff, Silvana Pacheco (hereinafter "Plaintiff"), filed a Complaint against Defendant in the Superior Court, Judicial District of Providence at Providence, Rhode Island on December 17, 2014. A copy of the Plaintiff's Complaint is attached hereto as Exhibit 1.

2. Defendants obtained a copy of the Complaint on or about December 17, 2014. *See* Exhibit 1.

3. The crux of Plaintiff's lawsuit concerns Plaintiff's contention that Defendant was required to provide the Plaintiff with a Notice of Mediation pursuant to RIGL 34-27-3.2 and

RIGL 34-27-4(d).  *See* Exhibit 1 at ¶¶ 7-8.  Plaintiff also contends that she has unspecified claims pursuant to the Fair Debt Collection Practices Act, the Rhode Island Fair Debt Collection Practices Act, the Truth in Lending Act and Regulation X.  *See* Exhibit 1 at ¶ 10.

## BASIS FOR REMOVAL

4. District Courts have original subject matter jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.  28 U.S.C. § 1332(a)(1).  Both of these requirements are satisfied here.

5. Complete diversity exists between Plaintiff and Defendant.  The Plaintiff is a Rhode Island citizen and the subject property is located in Lincoln, Rhode Island.  JPMC is not, and at all times relevant was not, a citizen of the State of Rhode Island.  JPMorgan Chase Bank, N.A. is a citizen of Ohio because its articles of association establish that location as its main office[1].  See 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945(2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.").  Additionally, JPMC's principal place of business is located in Columbus, OH, as that is where the corporation's officers direct, control, and coordinate its activities, a "nerve center."  See 28 U.S.C. § 1332 (c)(1); *Hertz Corp. v. Friend*, 175 L. Ed.2d 1029, 2010 LEXIS 1897, (2010); *Donaldson v. BAC Home Loans Servicing, L.P.*, 2011 U.S. Dist. LEXIS 95121, at *9-10 (M.D. Tenn. Aug. 24, 2011).  Thus, JPMC is a citizen of Ohio and complete diversity of citizenship exists because Plaintiff and Defendant are citizens of different states.

6. The Plaintiff fails to specify the amount in controversy on their civil cover sheet.

---

[1] *See* Charter No. 8 for JPMorgan Chase Bank, National Association as listed with the Office of the Comptroller of the Currency on the list of "National Banks Active As of 11/30/14" attached hereto as Exhibit 2.  Said list may be obtained at http://www.occ.gov/topics/licensing/national-bank-lists/national-by-name-pdf.pdf.

The unpaid principal balance of the mortgage under which Plaintiff seeks to restrain Defendant's right to exercise the statutory power of sale is approximately $319,059.57. The assessed value of the property located at 31 Kennedy Boulevard, Lincoln, RI is approximately $279,800.00.

## PROCEDURAL STATEMENTS

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1446(a) because the Superior Court, Judicial District of Providence at Providence, Rhode Island, where this action was filed and had been pending prior to removal, is a state court within this federal district and division.

8.      This Notice of Removal is timely filed within 30 days after the receipt by Defendant of a copy of the pleading, motion, order or other paper from which it could first be ascertained that the case has become removable, and within one year of the date the action was commenced, pursuant to 28 U.S.C. § 1446(b).

9.      A copy of this Notice of Removal has been served upon Plaintiff by overnight mail.

*       *       *       *       *

WHEREFORE, the Defendant, JPMorgan Chase Bank, National Association, hereby respectfully requests that the action now pending in Providence Judicial District Superior Court, Providence, Rhode Island, be removed to the United States District Court for the District of Rhode Island pursuant to the governing statutes.

Respectfully submitted,

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,

By its attorneys,


*/s/ Wayne E. George*
Wayne E. George, Bar No. 8151
Morgan, Lewis & Bockius LLP
225 Franklin Street, 16th Floor
Boston, Massachusetts  02110
Tel:  (617) 341-7700
Fax:  (617) 341-7700
wgeorge@morganlewis.com

Dated:  January 16, 2015

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by overnight mail to all counsel of record.

DATED:  January 16, 2015

*/s/  Wayne E. George*
Wayne E. George

DB1/ 81670431.1